USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION
1974, IUPAT, AFL-CIO,

                Plaintiff,

-against-

EXCEL INSTALLATIONS, LLC,

                Defendant.

18 Civ. 5962 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO (the "Union"), bring this motion under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Award") against Defendant, Excel Installations, LLC. ECF No. 28; ECF No. 31 at 4. Defendant has not appeared in this action. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

    During the relevant time period, Defendant executed a collective bargaining agreement (the "CBA") with the Union. 56.1 Stmt. ¶ 3, ECF No. 32. The CBA requires Defendant to make contributions to "the said funds on behalf of each [e]mployee." CBA Art. XX § 1(b), ECF No. 29-2. A dispute arose when Defendant allegedly failed "to remit benefit fund contributions in accordance with the CBA" for certain employees. 56.1 Stmt. ¶ 4.

    The CBA provides that if a dispute arises the parties may initiate an arbitration before the Union's Joint Trade Board (the "Board"). CBA Art. XIV; Drew Decl. ¶ 2, ECF No. 30. In accordance with this provision, Plaintiff initiated arbitration against Defendant for failure to make its required contributions to the Funds. Board Op. at 1, ECF No. 29-1. On April 20, 2018, after a hearing, the Board concluded that Defendant violated the CBA. Board Op. at 2; Drew Decl. ¶ 5. The Board issued the Award, ordering Defendant to pay the Funds a total of $20,414.23, $9,942.23 for unpaid contributions to member Wilbert Bryant, $6,834.60 for unpaid benefits owed to member Luis De La Cruz, and $3,637.40 for benefits owed to member Carlos Botero. Drew Decl. ¶ 5; Board Op. at 2–3.

## DISCUSSION

I.   <u>Legal Standard</u>

    Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it

has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Defendant has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II.  Analysis

Plaintiff is entitled to confirmation of the Award. Plaintiff has carried its burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. It is undisputed that Defendant failed to make the required contributions to the Funds in accordance with the terms of the CBA. 56.1 Stmt. ¶¶ 5–6; Board Op. at 2. It is also clear that

disputes about payments to the Funds fall within the scope of the Board's authority. *See* CBA Art. XIV; Drew Decl. ¶ 2.

After deliberating, the Board awarded Plaintiff $20,414.23. 56.1 Stmt. ¶¶ 5–6; Board Op. at 2. The Award is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Accordingly, the Court confirms the Award.

## CONCLUSION

For the reasons stated above, the motion to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment against Defendant in the amount of $20,414.23. The Clerk of Court is further directed to terminate the motion at ECF No. 28 and to close the case.

SO ORDERED.

Dated: May 29, 2019
       New York, New York

                                                    ANALISA TORRES
                                         United States District Judge